## HOWARD WAGNER v. STATE.

No. A-8308.   Sept 30, 1932.
Withdrawn, Corrected, Refiled and Rehearing Denied Jan. 6, 1933.
(17 Pac. [2d] 525.)

252

Hamilton, Gross & Howard, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Osage county of obtaining property by false pretense, and was sentenced to serve a term of three years in the state penitentiary and to pay a fine of $13,200.

Defendant was jointly charged, tried, and convicted with one F. L. Crabbe. This appeal, however, is by defendant alone. The record is voluminous, and very briefly stated discloses that the Universal Royalties Corporation, a Delaware corporation, had been organized and was authorized to do business in this state, with its place of business at Tulsa. It was organized on a shoe string, capitalized for a million dollars, and proposed to deal in oil royalties. This was in the antedepression period, when the gullible were not hard to persuade to trade Liberty bonds and other sound securities for wildcat stock. It appears that the criminal law must be invoked to punish those who by misrepresentations defraud the unwary of their hard-earned savings. The testimony is that defendant and Crabbe went to the residence of F. A. McClendon and wife, school teachers, living near Skiatook, and procured from them $4,400 worth of building and loan stock for 440 shares of the royalty corporation of a par value of $10 each, and to bring about such exchange made various false representations in reference to the

corporation stock. They received the building and loan stock about noon at the McClendon home, and, before the company at Tulsa had closed for the day, the stock bearing defendant's indorsement was cashed by the wife of defendant.

The false representations alleged go to the value of the stock, the payment of dividends, and other matters. Defendant denied the material false representations, and earnestly pleads he was acting in good faith and believed all the statements of fact made in negotiating the trade with McClendon. The evidence is sharply conflicting, but the jury by the verdict has found the issues against defendant. There is sufficient competent evidence to sustain the verdict.

It is argued that the court erred in refusing requested instructions and in the giving of a portion of the court's charge. Particularly is this urged against instruction No. 10B, in substance that testimony of the selling of stock to others than the prosecuting witnesses would not be proof of guilt of defendants for the charge for which they were on trial and should be considered only corroboration. Evidence of sales to other persons under like circumstances and representations would be admissible as tending to show a plan or scheme, and in doing so would tend to corroborate the testimony of the particular transaction charged. The instruction is not in the usual form or substance under which such evidence is admitted; yet we fail to see how it is prejudicial. Considered as a whole, the instructions sufficiently cover the law of the case.

It is complained the court erred in excluding certain evidence offered by defendants. This relates to the exclusion of certain exhibits, copies of corporation license

tax receipts, a letter from the State Issues Commission showing the issuance of permit to the royalty corporation to sell stock. We think these items were admissible as having some tendency to show good faith of the officers of the corporation of which defendant was one to comply with the requirements of the state as to the issuance and sale of stock. But, even if that were shown, it does not prove or disprove the making of false representations by defendant and Crabbe in the stock sale to McClendon.

It is also urged that special counsel for the state was guilty of prejudicial misconduct in taking an exception to each adverse ruling of the trial judge upon objection made by defendant. Special counsel evidently was laboring under the impression that in the trial of a criminal case the state must preserve a record by exception. Just what he expected to accomplish by noting an exception at each ruling of the court we are not able to comprehend, but we fail to see how it could have harmed defendant. Defendant's counsel did not call the attention of the trial court to this or otherwise indicate it was objectionable. Some other questions are argued, but they are not of sufficient importance to require special discussion.

Upon the whole case it appears defendant was fairly tried, and no error requiring a reversal is made to appear.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.